**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson,<br><br>    Plaintiff,<br><br>v.<br><br>Unknown Party, et al.,<br><br>    Defendants. | No. CV-13-02059-TUC-DCB<br><br>**ORDER** |

      The Court dismissed Plaintiff's right-to privacy, *Bivens* claim against the Bureau of Prisons and granted summary judgment for the Defendants on Plaintiff's Eighth Amendment threat-to-safety claim, Count One, and First Amendment retaliation claim, Count Two. On March 1, 2018, the Ninth Circuit Court of Appeals reversed and remanded the case. On remand, the Court denied summary judgment for Defendants on Count One and Two under the doctrine of qualified immunity. (Order (Doc. 93) at 6-7.) These claims are ready for trial. Plaintiff's privacy right claim is proceeding, with discovery ending August 12, 2019, and dispositive motions due on September 12, 2019.

      On August 19, 2019, the Plaintiff filed a Motion for Discovery Sanctions, alleging that the Defendants destroyed evidence: a video recording of the alleged assault. The Court assumes, Plaintiff refers to the 2013 assault which is the subject of the threat-to-safety claim.

      The Court has reviewed the record which reflects that the Plaintiff requested preservation of the video at least three times in 2013. (Ds' MSJ, SOF (Doc. 59-7) at 63-

64.)  For purposes of ruling on this motion, the Court presumes the video exists or existed. As Defendants are well aware, and as they asserted in opposition to Plaintiff's past request for a preliminary injunction enjoining the video's destruction, "'[a] duty to preserve [evidence] arises when a party knows or should know that certain evidence is relevant to pending or future litigation.'"  (Order (Doc. 90) at 3 (quoting *Vicente v. City of Prescott*, 2014 WL 38944131, *9 (Ariz. Aug. 8, 2014)).  The Court does not envision how this video would be relevant to the Privacy Act claim, including the dispositive motions, but in the event the Plaintiff seeks to rely on it, he may do so by describing what the video shows, and the Court may draw an adverse inference as a sanction for destruction of evidence. The Plaintiff may do the same for the purpose of trial.  The Court will deny the Motion for Sanctions, but allow the Plaintiff to seek an adverse inference at any such time he needs this evidence, if it has been destroyed.  The Defendants will be afforded an opportunity to object then.

**Accordingly,**

**IT IS ORDERED** that the Motion for Discovery Sanctions (Doc. 111) is DENIED, without prejudice to it being reurged either at the time of the Privacy Act dispositive motion or trial.

Dated this 21st day of August, 2019.

Honorable David C. Bury
United States District Judge