**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Pinson,<br><br>  Plaintiff,<br><br>v.<br><br>Unknown Party, et al.,<br><br>  Defendants. | No. CV-13-02059-TUC-DCB<br><br>**ORDER** |

On February 13, 2018, the Ninth Circuit Court of Appeals reversed this Court's summary judgment issued in favor of Defendants Mendez and Alvarez and the dismissal of the Privacy Act claim. On remand, this Court denied Defendants qualified immunity, and the Eighth Amendment case against Mendez and Alvarez was ready for trial. Following remand, Defendant, the Federal Bureau of Prisons (BOP), was served and answered. Discovery related to the Privacy Act claim commenced on May 3, 2019 to end on August 12, 2019. (Order (Doc. 105)). On August 21, 2019, Plaintiff filed a Motion to Compel. Although discovery had closed, Defendant BOP agreed to make further disclosures, pursuant to a Protective Order. On November 19, 2019, the Plaintiff viewed this discovery. Now, he complains that the disclosures were "incomplete or completely useless and fully redacted records (like an inmate roster with all identities blacked out)." (Renewed Motion to Compel (Doc. 127)). Undermining this assertion, he intends to use it at trial, as follows: "(1) All memorandums authored by J. Garner, Jordan Peters, and T. Kilmer, (2) The intelligence search document, (3) All of the photographs, (4) Incident

Report 2485597, (5) document entitled Inmate Discipline Update dated 8-23-13, (6) Memo for S. Snider dated 8-23-13, (7) Health Services Clinical Encounter, (8) Form 583." (Response, Ex. 131-1: 11-20-2019 Pinson Memo to Bastron.)

Plaintiff renews his Motion to Compel or alternatively seeks new discovery as follows: 1) An unredacted 8-28-13 inmate roster because he seeks to use these inmates as witnesses, 2) the full DHO packet for the Incident Report 2485597, and 3) the FBI referral referenced in the Inmate Discipline Update dated 8-23-13. *Id.* Again, although discovery has closed, the Defendant agrees to disclose the Incident Report materials and the FBI referral. (Response (Doc. 131) at 2 n.1.) Therefore, the only discovery at issue is the allegedly "completely redacted" inmate roster dated 8-28-2013, which according to the Plaintiff contains the names of witnesses he wants to call at trial. The Defendant does not address the redactions made to the inmate roster. The Defendant shall explain the redactions, and the Plaintiff may file a Reply. THERE SHALL BE NO FURTHER DISCOVERY IN THIS CASE. The case is ready for trial.

A Joint Pretrial Order was filed on December 30, 2019. Normally, the Court would set the case for a Pretrial Conference whereat a trial date will be set. However, before this can occur, the Court must secure trial counsel for the Plaintiff.

**Accordingly,**

**IT IS ORDERED** that the Renewed Motion to Compel (Doc. 127) is GRANTED as follows: 1) Defendant shall disclose the DHO packet for the Incident Report and the FBI referral referenced in the Inmate Discipline Update.

**IT IS FURTHER ORDERED** that within 7 days of the filing date of this Order, the Defendant shall file its Response to present any objections to disclosing the redacted names on the 8-28-23 Inmate Roster, and thereafter within 7 days, the Plaintiff shall file a Reply.

**IT IS FURTHER ORDERED** THAT NO FURTHER DISCOVERY SHALL BE CONDUCTED IN THIS CASE, except as referenced above.

1   **IT IS FURTHER ORDERED** that the Motion for Counsel (Doc. 126) is
2   GRANTED, and that subsequent to securing pro bono counsel to represent the Defendant
3   at trial, the Court shall issue an Order appointing counsel and setting the case for a Pretrial
4   Conference.
5   Dated this 11th day of March, 2020.

_____
Honorable David C. Bury
United States District Judge